[880 NYS2d 71]

In the Matter of ERIC D. WACHTEL (Admitted as ERIC DAVID WACHTEL), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 7, 2009

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltz-man* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of the State of New Jersey dated May 2, 2008 (194 NJ 509, 946 A2d 1024 [2008]), the respondent was suspended for a period of six months, effective June 2, 2008, for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rule 8.4 (c) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. Based on the conclusions of the Disciplinary Review Board, the Supreme Court of the State of New Jersey ordered that prior to reinstatement, the respondent shall demonstrate his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics and shall submit proof that he does not use alcohol or drugs, other than those prescribed by his health care provider. The Supreme Court of the State of New Jersey further ordered that following his reinstatement, the respondent shall, inter alia, submit to the Office of Attorney Ethics periodic reports by his mental healthcare provider attesting that he has continued in therapy, has complied with the therapist's recommendations, and remains abstinent from, inter alia, alcohol for two years, and that upon reinstatement, the respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for one year and until further order of the court. The respondent was directed to reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of the New Jersey matter.

The Office of Attorney Ethics labeled the respondent's actions "continuous and severe." He stalked his wife's attorney and the court-appointed mediator in his divorce case, threatened them, and put them in fear of their lives. In addition, he sent threatening messages to his sister's attorney.

The Office of Attorney Ethics took note of the respondent's psychological problems and his drug and alcohol abuse. Noting that the usual discipline in New Jersey for a conviction of stalking is a suspension and that the respondent was found guilty of two separate charges of stalking which involved threats on the lives of attorneys, the Office of Attorney Ethics recommended a

six-month suspension, with reinstatement contingent upon proof of his fitness to practice. The Supreme Court of the State of New Jersey adopted that recommendation.

Although served with the Grievance Committee's notice pursuant to 22 NYCRR 691.3 on July 8, 2008, the respondent neither asserted any of the enumerated defenses nor requested a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

In view of the continuing and severe nature of the respondent's misconduct, which reflects adversely on his fitness to practice law, as well as his criminal conviction, we find that the imposition of reciprocal discipline is warranted and suspend him from the practice of law in New York for a period of two years. Any application by the respondent for reinstatement to the New York State bar will be contingent upon his reinstatement in New Jersey upon proof of his fitness to resume the practice of law as attested to by a recognized health expert in the New Jersey proceeding.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Eric D. Wachtel, admitted as Eric David Wachtel, is suspended from the practice of law for a period of two years, commencing May 8, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that the respondent's reinstatement shall be contingent upon his reinstatement in New Jersey upon proof of his fitness to resume the practice of law as attested to by a recognized mental health expert in the New Jersey proceeding; and it is further,

Ordered that the respondent, Eric D. Wachtel, admitted as Eric David Wachtel, shall promptly comply with this Court's

rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Eric D. Wachtel, admitted as Eric David Wachtel, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Eric D. Wachtel, admitted as Eric David Wachtel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10·(f).